UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 14-CV-00082 |
| VERSUS | JUDGE DOHERTY |
| LENO H. CONGTANG | MAGISTRATE JUDGE HANNA |

**Report and Recommendation**

Pending before the Court is a Motion For Entry of Default Judgment Against Leno H. Contang [Rec. Doc. 6] brought by the United States and referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing orders of the court.  An evidentiary hearing was held on August 20, 2014 at which the government presented documentary and testimonial evidence in support of the motion. For the reasons which follow, this Court recommends the motion be granted and that judgment be entered in favor of the United States and against Leno H. Congtang in the amount of eight hundred fifty-five thousand, two hundred forty-five dollars and eight cents ($855,245.08) together with post-judgment interest at the underpayment rate provided in the Internal Revenue Code of 1986 at 26 U.S.C. § 6621(a)(2).[1]

---

[1] Under 28 U.S.C. §1961(c)(1), the underpayment rate is made applicable rather than the rates provided by paragraph (a) of §1961.

**Factual and Procedural Background**

The government filed a complaint on January 16, 2014 seeking to recover the unpaid tax liabilities of the defendant, together with penalties and interest, for the years 2002-2004 and 2006-2011. [Rec. Doc. 1]. The summons and complaint were served on the defendant on March 21, 2014. [Rec. Doc. 3]. The Clerk's Entry of Default was entered on April 28, 2014 [Rec. Doc.5], and this motion followed on May 19, 2014. [Rec. Doc. 6]. This Court ordered that the defendant be served with a copy of the motion and with the notice of the evidentiary hearing. [Rec. Doc. 9]. The government actually sent the defendant the motion and notice of the hearing twice [Rec. Docs. 10, 11], and the record reflects that the defendant himself accepted service on July 14, 2014. [Rec. Doc. 11-1].[2] The defendant did not appear at the evidentiary hearing or in any way contact the court prior to the hearing.

The defendant did exchange a letter with counsel for the government dated March 28, 2013 (sic) contending that the statute of limitations barred collection of the 2002 tax liabilities. [Gov't. Ex. 13 found at Rec. Doc. 12-2]. That letter was never filed in the record until it was brought to the attention of this Court by

---

[2] On May 23, 2014, an individual named Sue Lafleur signed for the first attempt at service. It is unknown how Ms. Lafleur is related to the defendant.

counsel for the government at the hearing. In that same correspondence the defendant conceded the remaining tax liabilities. Counsel for the government responded on April 15, 2014 that the letter did not constitute an answer to the complaint or a motion under Rule 12 as required by the summons and that if the defendant did not "file a proper answer or motion under Rule 12 of the Federal Rules of Civil Procedure with the Court by April 21, 2014, the United States will seek to have the Court enter a default judgment against you granting the relief it is seeking by its Complaint, including but not limited to a judgment for your 2002 federal income tax liability. [Gov't. Ex.14 found at Rec. Doc. 12-3].

In the correspondence he sent to the government, the defendant acknowledged receipt of the summons and complaint and enclosed copies of them with his letter. The summons provides in pertinent part, "Within 21 days after service of this summons on you . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure." In response to the defendant's letter, counsel for the government again enclosed the complaint and the summons and proof of service to the defendant. Beyond the correspondence to counsel for the government (which the defendant did not file into the record), the defendant has never filed anything in the record, has not provided any further response to counsel for the government, or

contacted the court in any manner that is of record.

In support of its motion, the government attached nine Internal Revenue Service Certificates of Assessments and Payments (Form 4340) documenting the Form 1040 liabilities for each of the nine years. [Rec. Doc. 6-2 through 6-10]. In addition, the government attached a declaration by Katherine Young, an IRS Technical Services Advisor, to which are attached IRS Account Transcripts and INTST IRS computation transcripts which reflect the outstanding balances for each year through May 12, 2014. [Rec. Doc. 6-11]. Record Document 6-12 is the account transcript for the 2006 tax year which has some distinguishing characteristics from the other years as explained below.

Ms. Young testified at the hearing and provided updates of the balances for each of the tax years through the date of the hearing with the corresponding INTST IRS computation transcripts. [Gov't. Ex. 12]. Ms. Young testified how the computations were made for each year as well as the factual basis for the tolling of the statute of limitations for the 2002 tax liability. Based on her testimony and the documentary evidence submitted and reviewed in detail, this Court finds that, as of August 20, 2014, the tax liabilities of the defendant, together with penalties and interest, are as follows:

| Tax Year | Dates of Assessment | Balance as of 8/20/2014 |
|---|---|---|
| 2002 | 09/22/03<br>04/17/06<br>07/15/13<br>07/29/13<br>09/02/13 | $171,535.00 |
| 2003 | 11/15/04<br>09/19/05<br>04/19/10 | $ 56,094.95 |
| 2004 | 04/03/06<br>04/19/10<br>03/07/11 | $   9,707.27 |
| 2006 | 08/27/12<br>04/15/13 | $132,970.55 |
| 2007 | 03/16/09 | $ 12,943.96 |
| 2008 | 11/23/09<br>04/19/10 | $ 72,947.63 |
| 2009 | 08/08/11<br>09/19/11 | $290,347.24 |
| 2010 | 10/22/12 | $ 21,733.30 |
| 2011 | 08/05/13<br>10/07/13 | $ 85,965.18 |
| **TOTAL** | | **$855,245.08** |

## Applicable Law and Analysis

When a party has "failed to plead or otherwise defend" default proceedings may be initiated pursuant to Fed.R.Civ.P. 55. Thus, as a threshold matter, this Court must determine whether the defendant has "failed to plead or otherwise defend." There is currently a conflict in the circuits as to what this language requires. "A party who is served with a complaint has three options:'[(1)] plead, [(2)] 'otherwise defend,' or [(3)] suffer a default,' according to at least a minority of the circuits. Other circuits seem to read Rule 55(a) to offer only two options: (1) plead and otherwise defend or (2) suffer a default." 25 REGULR 209, 213 (2012-13) (Citations omitted).

In the Fifth and the Eleventh Circuit, the three option approach has been followed. Thus, the defendant can be defaulted if he has answered the complaint but does not defend the lawsuit. There is nothing in the record to reflect the defendant has filed any pleading. The Fifth Circuit has stated the "words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars and the like, which may prevent default without presently pleading to the merits." *Bass v. Hoagland,* 172 F.2d 205, 210 (5th Cir. 1949). The "term 'otherwise defend' presumes the absence of some affirmative action on the part of the defendant which would operate as a bar to the satisfaction of the

moving party's claim." *George & Anna Portes Cancer Prevention Center of Chicago, Inc., v. Inexco Oil Co.* 76 F.R.D. 216, 217 (W.D. La. 1977). "Thus a court can enter a default judgment against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Cor., Inc. v. Bio-Energy Systems, Inc.* 803 F.2d 1130, 1134 (11th Cir. 1986).

The defendant was on notice of this litigation as well as the hearing itself. The record reflects no motion of any kind was filed, the defendant made no contact with the Court in any manner, whether by telephone or correspondence, and the letter to counsel for the government does not qualify as the equivalent of a formal court appearance particularly where the plaintiff provided notice that a delay would result in a default. *Wilson v. Moore & Associates, Inc.,* 564 F.2d 366, 368-369 (9th Cir. 1977); *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 928 (9th Cir. 2004). Therefore, this Court finds the defendant has not appeared, whether in a personal or representative capacity, within the meaning of Rule 55.

Since there has been no appearance, no answer has ever been filed, there has been no motion or challenge to the complaint, and no record of any contact whatsoever with any member of the court, the undersigned finds the defendant has

failed to plead or otherwise defend this action and proceeding under Rule 55 is proper.

Pursuant to Fed.R.Civ.P. 55(b)(2), a party must apply to the court for a default judgment if the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation. The court may conduct hearings when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

The complaint did not have the amounts accrued through the date of the hearing, and the Court needed technical assistance to independently evaluate the transcripts and certificates of assessments to determine the amount of the tax liabilities particularly regarding the 2006 tax year which had abatements. Further, while the complaint did contain allegations related to the suspension of the ten year statute of limitations, this Court wished to establish the truth of those allegations through evidence. Thus, the hearing was set, and in order to give the defendant another opportunity to respond to the allegations, even though the defendant had never appeared personally or through a representative, the defendant was served with notice of the hearing more than seven days before it occurred.

The Certificates of Assessments and Payments (Forms 4340), that are prepared under seal on Form 2866 and submitted by the government in support of its motion, have been recognized as admissible and valid evidence of a taxpayer's liability and notice of that liability. *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir. 1991); *Perez v. United States,* 312 F.3d 191, 195 (5th Cir. 2002). The IRS Account Transcripts and INTST computation transcripts corroborate the information in the Form 4340 transcripts. The Court finds this evidence accurately depicts the tax liabilities of the defendant.

The evidence establishes that the amount of tax owed by the defendant came from the tax returns he filed. As set forth in Gov't. Ex. 11 [Rec. Doc. 6-12], in 2006, he did not file a timely tax return, and therefore, the IRS computed his tax based on information it had, i.e. W-2 or Form 1099 information. On August 27, 2012 a tax of $1,804,257.00 was assessed. However, the defendant subsequently filed a tax return on September 6, 2013 and the IRS abated, not only the excess tax, but the excess penalties and interest calculated on the figure it had calculated resulting in the balance set forth above.

The evidence also establishes that, while the defendant paid some taxes in some of the years, he either did not pay the entirety of the tax or he did not pay any at all. Therefore, the assessments for penalties and interest are warranted. The

penalties are of three types. There is one penalty for not pre-paying tax estimates, one for filing returns late and one for making payments late. In each instance, the transcripts reflect the penalties were appropriately assessed. Also assessed were fees incurred for the recording of tax liens. Thus, the Court finds the evidence fully supports the balances as computed and set forth above.

As the complaint was filed in January of 2014, more than ten years had elapsed since the defendant was assessed on September 22, 2003 for taxes owed for 2002. The Form 4340 indicates an "Offer in Compromise" was pending as of May 26, 2004, and rejected on September 22, 2004. [Rec. Doc.6-2, p. 3]. This information is corroborated by the IRS Account Transcript. [Rec. Doc. 6-11, p. 16]. In addition, on July 25, 2013, an installment agreement is shown as pending. [Rec. Docs. 6-2, p. 5; 6-11, p. 17]. According to Ms. Young, that agreement was rejected on February 13, 2014.

Pursuant to 26 U.S.C. §6502(a), a court proceeding to collect taxes assessed must be brought within ten years after the assessment of the tax. An assessment is the "calculation or recording of a tax liability" by the Treasury. *United States v. Galletti,* 541 U.S. 114, 122 (2004). Section 6331(i)(5) provides this period of limitations is suspended for the "period during which the Secretary is prohibited under this subsection from making a levy." Under § 6331(k)(1), no levy may be

made during the period an offer-in -compromise is pending and thirty days thereafter if the offer-in-compromise is rejected. Under sub-paragraph (k)(2), no levy may be made during the period an offer for an installment agreement is pending with the Secretary and for thirty days thereafter if the offer of installment is rejected.

    Since the assessment was made on September 22, 2003, the ten year statute of limitations would have run on September 22, 2013 absent any suspensions. The suspension during the period when the offer-in-compromise was from May 26, 2004 to September 22, 2004 plus thirty days since the offer was rejected and no appeal was filed. This added one hundred forty-nine days to the time necessary bring the collection action in this court making the filing deadline February 18, 2014. Therefore, the collection action is timely without the necessity of considering the period during which the installment agreement was under consideration.

## Conclusion and Recommendation

    The defendant was properly served with the complaint and summons. He acknowledged his receipt of the same, yet never filed any pleading or any other document in this record, he never contacted the court or in any way acknowledged to the court that he intended to defend the claims brought by the government. This

Court does not conclude that the letter sent to counsel for the government constituted a formal appearance, nor does it constitute the type of action sufficient to preclude judgment under Rule 55 particularly when counsel for the government indicated a default would be taken in the absence of an answer or motion being filed. The preponderance of evidence as presented by the government establishes the tax liabilities, together with penalties and interest, are accurate for the years in question and that the collection action in this court for the 2002 tax year is timely.

Therefore, considering the foregoing, IT IS RECOMMENDED that there be judgment rendered in favor of the United States and against Leno H. Congtang in the amount of $855,245.08 together with post-judgment interest at the underpayment rate as provided by Internal Revenue Code of 1986 at 26 U.S.C. § 6621(a)(2).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana this 22nd day of August, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge

COPY SENT:

DATE: 8/22/2014
BY: EFA
TO: RFD
cg